UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60571-CIV-SINGHAL/DAMIAN

MELISSA ANN MUSGRAVE,

     Plaintiff,

v.

KIOLO KIJAKAZI, Acting Commissioner of
Social Security Administration,

     Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (DE [27]) of

Magistrate Judge Melissa Damian (the "Report").  For the reasons discussed below, the

Report and Recommendation of the Magistrate Judge is adopted, Plaintiff's Motion for

Summary Judgment (DE [20]) is denied, and Defendant's Motion for Summary Judgment

(DE [23]) is granted.

I.     BACKGROUND

Plaintiff alleged a disability beginning on September 25, 2016, due to right eye

vision loss with corneal ulcer, corneal transplant with complications, depression, panic

attacks, and anxiety. She filed an application for SSI benefits on November 16, 2016.

(DE [20]). The claim was denied at the initial and reconsideration stage. *Id.* A hearing was

held before an Administrative Law Judge ("ALJ") on November 6, 2018, at which Plaintiff

and three experts testified. *Id.* The ALJ issued an unfavorable decision and Plaintiff asked

for and received an Appeals Council review. *Id.* The Appeals Council issued an

unfavorable determination. *Id.* Plaintiff filed a Complaint in this Court seeking review of

the Commissioner's decision. Both parties moved for summary judgment.

The Magistrate Judge recommends that this Court grant Defendant's Motion for Summary Judgment, deny Plaintiff's Motion for Summary Judgment, and affirm the Commissioner of Social Security Administration's ("Commissioner") decision denying Plaintiff's claim for Supplemental Social Security Income ("SSI"). On February 17, 2023, Plaintiff filed objections to the Report. (DE [28]). Defendant did not respond to the objections.

I.      STANDARD OF REVIEW

A.      Review of a Magistrate Judge's Report and Recommendation

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report ... to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. The district court must consider the record and factual issues independent of the magistrate judge's report, as de novo review is essential to the constitutionality of § 636. J*effrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

B.      Review of the ALJ's Decision

In a social security appeal, the court's review is limited to determining whether the ALJ's decision is supported by substantial evidence in the record and is based on proper legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam)). "[The Court] may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Id.* (quotation omitted). The ALJ's decision must be

affirmed if it is supported by substantial evidence, even if the court finds that the evidence more likely supports a different conclusion. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

II.     DISCUSSION

    A.     Review of the ALJ's Consideration of Plaintiff's Migraines at Step Two

Step two of an SSI claim evaluation requires the Plaintiff to show that she has a "severe impairment." In this case, the ALJ found that Plaintiff "has the following severe impairments: right eye vision loss with corneal ulcer, corneal transplant with complications, depression, and anxiety." (DE [13], p. 45).

Plaintiff argues that the ALJ failed to properly consider at step two whether Plaintiff had a severe migraine headaches impairment. The Magistrate Judge concluded that it was "inconsequential whether [Plaintiff's] migraines were included as a severe impairment at step two because the ALJ still found [Plaintiff] had severe impairments and continued the sequential evaluation process." (DE [27] p. 15). Plaintiff claims that this was an incorrect decision. But according to the Eleventh Circuit, "t]he Finding of any severe impairment, based on either a single impairment or a combination of impairments, is enough to satisfy step two because once the ALJ proceeds beyond step two, he is required to consider the claimant's entire medical condition, including impairments the ALJ determined were not severe." *Burgin v. Comm'r of Soc. Sec.*, 420 Fed. Appx. 901, 902 (11th Cir. 2011) (citing *Jamison v. Bowen,* 814 F.2d 585, 588 (11th Cir. 1987). Plaintiff's attempt to distinguish *Burgin* is unpersuasive; like in *Burgin,* the ALJ in this case went on to the next sequential step and considered all Plaintiff's impairments. Neither the ALJ nor the Magistrate Judge erred in their step two analysis.

B.      Review of the ALJ's Consideration of Plaintiff's Migraines at Step Three

Step three of an SSI claim evaluation requires that the ALJ determine whether the claimant's impairment or combination of impairments is of a severity that meets or medically equals the criteria of an impairment listed in Appendix 1 to Subpart P of Part 404, Title 20 of the Code of Federal Regulations. 20 C.F.R. §§ 416.920(d), 416.925-.926. If so, the claimant is disabled.

The ALJ found that Plaintiff does not have an impairment or combination of impairments of a severity that meets or medically equals a listed impairment. The Magistrate Judge found no error in the ALJ's analysis.  Plaintiff argues that this was error because the ALJ failed to make an explicit finding about migraines. The Court disagrees.

The ALJ specifically noted the following:

> The claimant treats her migraines by lying on her bed and putting a cold compress on her head. The claimant testified that she takes her medications as prescribed, which cause nausea and impaired balance. Additionally, the claimant reported impaired vision of the left eye and no vision of the right eye.
>
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms *are not entirely consistent with the medical evidence and other evidence in the record for reasons explained in this decision.* (DE [13] p. 48) (emphasis added).

The ALJ also considered and evaluated the report of the doctor who treated Plaintiff for headaches, Dr. Maike Blaya. On October 8, 2018, Dr. Blaya completed a Headache Residual Functional Capacity Questionnaire. The ALJ characterized Dr. Blaya's assessment as "unreasonably restrictive" and afforded it "little weight." The ALJ stated that Dr. Blaya only saw Plaintiff once and that her opinion

indicates that the claimant has greater limitations than those determined in this decision. It appears that Dr. Blaya relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported. Yet, as explained elsewhere in this decision, *there exist good reasons for questioning the reliability of claimant's subjective complaints.* Furthermore, the undersigned notes that the claimant's treatment history with Dr. Blaya was quite brief, as he only saw the claimant on one occasion. The undersigned finds that *this type of treatment by Dr. Blaya would not provide enough information to fill out the impairment forms with a degree of certainty, and the doctor's opinion is accordingly rendered less persuasive. Based on the foregoing, the undersigned accords Dr. Blaya's unreasonably restrictive assessment with little weight.* (DE [13] p. 50 (emphasis added).

Plaintiff contends that the ALJ incorrectly discounted her subjective complaint and did not explain why Dr. Blaya's opinion was not supported by her own treatment records or was inconsistent with other substantial evidence. This is not an accurate assessment as the ALJ references other portions of the decision, specifically the reports of Dr. Hamrick and Dr. Reese, to conclude that Plaintiff's reported symptoms and limitations are not entirely consistent with the medical records. The Court will, therefore, adopt the Report and Recommendation of the Magistrate Judge as to step three.

      C.      Review of the ALJ's Consideration of Plaintiff's Migraines at Step Four

At step four of the sequential process, the ALJ evaluates a claimant's residual functional capacity and ability to return to past relevant work. (DE [27] p. 24); 20 C.F.R. § 416.920(a)(4)(iv). Plaintiff asserts that the Magistrate Judge incorrectly concluded that the ALJ did not provide analysis why he found the headaches testimony was not credible. As discussed above, he did.[1]  The ALJ consistently stated that the limitations reported by the claimant were not supported by the medical records. The Magistrate Judge's analysis

---

[1] Plaintiff argues that the Commissioner conceded that the ALJ did not provide analysis why he found the headaches testimony was not credible. The Court has reviewed the Commissioner's brief (DE [23], pp. 10-11), and finds that the Commissioner made no such concession.

of the ALJ's consideration of Plaintiff's headaches is correct. The Court will, therefore, adopt the Report and Recommendation of the Magistrate Judge as to step four.

III.     CONCLUSION

For the reasons discussed above, it is hereby **ORDERED AND ADJUDGED** as follows:

1.     Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (DE [28]) are **OVERRULED.**

2.     Plaintiff's Motion for Summary Judgment (DE [20]) is **DENIED.**

3.     Defendant's Motion for Summary Judgment (DE [23]) is **GRANTED.**

4.     The final decision of the Commissioner is **AFFIRMED.**

5.     The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 29th day of March 2023.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE


Copies furnished counsel via CM/ECF